UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN T. ALLEN #439934,

    Petitioner,

v.

    Case No. 2:10-cv-365
    HON. ROBERT HOLMES BELL

MITCHELL PERRY,

    Respondent.
_____/

## **OPINION**

Petitioner filed this petition for writ of habeas corpus on December 29, 2010. In his application for habeas corpus relief, Petitioner asserts that he was convicted of first-degree murder following a jury trial on August 20, 2007. Petitioner was sentenced to life in prison without parole. Petitioner's appeal was denied by the Michigan Court of Appeals on January 22, 2009, and by the Michigan Supreme Court on September 28, 2009.

Petitioner has now filed a motion to stay proceedings (docket #5), stating that he did not graduate from high school and that he obtained the assistance of another prisoner to prepare his habeas corpus petition. In the course of preparing the petition, he discovered that there was ineffective assistance of trial and appellate counsel, which had not been raised in his direct appeal. Petitioner now wishes to have his habeas corpus action stayed while he exhausts these claims.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this

application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner wishes to raise some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on **September 28, 2009**. Petitioner did not petition for certiorari to the United States Supreme Court, though the

ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on **Monday, December 28, 2009**. Accordingly, Petitioner had one year, until **December 28, 2010**, in which to file his habeas petition. Petitioner signed the instant petition and hand delivered it to prison authorities on **December 27, 2010**, **one** day before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer* 276 F.3d at 781.

The Supreme Court recently held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005). In its discretion, a district court contemplating stay and abeyance

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 1535. Under *Rhines*, if the district court determines that a stay is inappropriate, the district court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* This is the case here, since the limitations period has expired.

In Petitioner's motion to stay, he asserts that he is uneducated and required assistance to file his habeas corpus petition. Petitioner did not realize that he had unexhausted claims until he prepared his application for habeas corpus relief with the assistance of another prisoner. Petitioner asserts that he relied on his appellate counsel, who was ineffective. However, Petitioner fails to explain why he did not immediately file a motion for relief from judgment in the state court. In addition, Petitioner's assertions regarding the substance of his ineffective assistance claims are entirely conclusory. Stay and abeyance should be available only in limited circumstances because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts. In order to hold a habeas petition in abeyance, Petitioner is required to file a timely affidavit showing: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Petitioner has not made such a showing.

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within thirty days why he is entitled to a stay of these proceedings.

Specifically, Petitioner must show: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 125 S. Ct. at 1535. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated: <u>May 19, 2011</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE