UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN T. ALLEN,

        Petitioner,

                                         Case No. 2:10-cv-365

v.

                                         HON. ROBERT HOLMES BELL

MITCHELL PERRY,

        Respondent.

_____/

**O P I N I O N**

This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation (R&R) on July 2, 2015, recommending that this Court deny the petition. (ECF No. 30.) The matter is presently before the Court on Petitioner's objections (ECF No. 34) and Respondent's objections (ECF No. 31) to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Respondent objects that Petitioner's claim is time-barred. The Magistrate Judge thoroughly addressed Respondent's argument in the R&R, and the Court agrees with his analysis. The Court stayed the action to allow Petitioner to exhaust his previously unexhausted claims and to amend his petition once the claims were exhausted. Thus, Petitioner is entitled to equitable tolling in light of the Court's express provision for Petitioner's action in this case. *See Griffin v. Rogers*, 399 F.3d 626, 636, 639 (6th Cir. 2005) (equitable tolling in petition for habeas relief is a discretionary doctrine that "does not lend itself to bright line rules"). Accordingly, Respondent's objection is overruled.

Petitioner makes the following objections: (1) the Magistrate Judge should not have found that his federal claim of prosecutorial misconduct was procedurally defaulted in state court; (2) Petitioner was entitled to an instruction on involuntary manslaughter and/or self-defense in light of Michigan's self-defense act, which became effective before his trial; (3) the letter allegedly written by William Palm constitutes new evidence, which is grounds for providing Petitioner an evidentiary hearing; (4) the Magistrate Judge incorrectly analyzed Petitioner's ineffective assistance of counsel claims; (5) the Magistrate Judge incorrectly analyzed Petitioner's evidentiary claim regarding expert witness testimony as a state law issue, instead of a federal law issue; and (6) Petitioner objects to Respondent's objections.

Petitioner first objects that the Magistrate Judge incorrectly analyzed whether his

claim of prosecutorial misconduct was procedurally defaulted. Petitioner argues that the Michigan Court of Appeals did not hold that his claims were barred by his failure to lodge a timely objection. The Court of Appeals held, "Because Allen did not object to the prosecutor's arguments at trial, he did not preserve this issue." Mich. Ct. of Appeals decision, Jan. 22, 2009, at 2 (ECF No. 23-13) (citations omitted). The decision cites *People v. Schutte*, 613 N.W. 2d 370, 377 (Mich. Ct. App. 2000), for the proposition that "[appellate review of allegedly improper conduct by the prosecutor is precluded where the defendant fails to timely and specifically object." *Id*. (citing *People v. Carines*, 597 N.W. 2d 130 (1999)). Thus, contrary to Petitioner's contention, the Michigan Court of Appeals did hold that his claim was defaulted. That the Michigan court engaged in plain error review does not constitute a waiver of procedural default rules, under the law in the Sixth Circuit. *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). If Petitioner could show that he received ineffective assistance of appellate counsel that rose to a level of violation of his Sixth Amendment rights, it may excuse procedural default. *Id*. However, for the reasons stated in the Magistrate Judge's R&R and in the Michigan Court of Appeals decision, Petitioner has failed to show ineffective assistance of trial or appellate counsel. Accordingly, Petitioner's first objection is overruled.

Petitioner's second objection is that he faced a fundamental miscarriage of justice when he was denied a jury instruction on self-defense or involuntary manslaughter. Petitioner points out that Michigan passed a Self-Defense Act, Mich. Comp. Laws § 780.972, prior to his trial, which entitled him to a jury instruction on self-defense. The Michigan Court of

Appeals considered Petitioner's claim and found that the trial court had not abused its discretion in denying Petitioner's request for either self-defense or involuntary manslaughter instructions in light of the facts of Petitioner's case. On habeas review, Petitioner must show that the error or deprivation of instructions "so infected the entire trial that the resulting conviction violated due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). Petitioner's burden is especially heavy because an "omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of law." *Id.* Petitioner has not met this burden, as the Magistrate Judge found. The lack of jury instructions did not "infect the entire trial" under the circumstances of this case. Accordingly, Petitioner's second objection is overruled.

Petitioner's third objection is that the letter written by William Palm, one of the shooting victims, is newly discovered evidence, and he is entitled to an evidentiary hearing on the evidence.  Petitioner points to recent developments in Michigan state law holding that impeachment evidence can constitute newly discovered evidence. *See People v. Griscom,* 821 N.W.2d 50, 62 (Mich. 2012). *Griscom* reaffirmed the application of the four-part test set forth in *People v. Cress*, 664 N.W.2d 174 (Mich. 2003), identifying when a new trial may be granted because of newly discovered evidence. *Id*. In Petitioner's case, the Michigan Court of Appeals applied the *Cress* test and found that the new evidence did not make a different result probable on retrial. Mich. Ct. of Appeals decision, Jan. 22, 2009, at 5 (ECF No. 23-13) (citing *Cress*, 664 N.W.2d 174). This Court finds that the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor that it resulted in a decision that was based on an unreasonably determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). No evidentiary hearing is required. Accordingly, Petitioner's third objection is overruled.

Petitioner's fourth objection is that the Magistrate Judge did not correctly analyze his ineffective assistance of counsel claims. The R&R correctly states the ubiquitous *Strickland* two-prong test by which to evaluate claims of ineffective assistance of counsel. Petitioner cites Sixth Circuit case law that considered eleven factors supporting a finding of ineffective assistance of counsel. *Mapes v. Tate*, 388 F.3d 187 (6th Cir. 2004). However, Petitioner offers no analysis under those factors other than what this Court has already considered. Accordingly, the fourth objection is overruled.

Petitioner's fifth objection is that the Magistrate Judge analyzed his evidentiary claim on the admissibility of expert witness evidence as an issue under state law. Petitioner contends that the admitting expert witness evidence violated Supreme Court law pursuant to *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Petitioner's petition and briefs challenged the admissibility of expert witness testimony under Michigan state law. His objection, however, introduces entirely new grounds for relief that were not presented in his petition or his

amended petition. Thus, he does not present a proper objection, and it is accordingly overruled.

Petitioner's sixth and final objection is that Respondent did not raise a valid ground for objection. This Court overrules Respondent's objection for the reasons stated above. Accordingly, the Court overrules Petitioner's objection as moot.

The Court must finally determine whether to issue a certificate of appealability. Where the petition is rejected on procedural grounds without reaching the merits of the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable.

Moreover, the Court has reached the merits of the underlying claims, and the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Thus, the Court will deny a certificate of appealability as to all issues.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's objection to the R&R (ECF No. 31) is **OVERRULED.**

**IT IS FURTHER ORDERED** that Petitioner's objection to the R&R (ECF No. 34) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's July 2, 2015, R&R (ECF No. 30) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 19) is **DENIED**.


Dated: <u>August 17, 2015</u>                         /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE